COMMONWEALTH of Pennsylvania, Appellee,

v.

**John Jason FILER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 2004.
Filed March 19, 2004.

Helen A. Stolinas, Public Defender, Towanda, for appellant.

Albert C. Ondrey, Asst. Dist. Atty., Towanda, for Com., appellee.

BEFORE: STEVENS, McCAFFERY, and OLSZEWSKI, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Bradford County on March 6, 2003, following Appellant's conviction by a jury of aggravated indecent assault,[1] indecent assault,[2] and corruption of minors.[3] Herein, Appellant contends there was insufficient evidence to support his conviction, and the verdict rendered by the jury was against the weight of the evidence. We affirm the judgment of sentence.

¶ 2 In July of 2002, Appellant was charged with statutory sexual assault and the above offenses. The charges stemmed from an incident that occurred on June 1, 2001, with a young girl ("Victim"), who was twelve years old at the time. Following a jury trial held February 3–4, 2003, Appellant was found not guilty of statutory sexual assault, but guilty of the remaining offenses. On March 6, 2003, he was sentenced to a forty-two (42) to one hundred eight (108) month term of imprisonment on the charge of aggravated indecent assault.[4] The present appeal followed.[5]

¶ 3 With regard to Appellant's claim that the evidence adduced at trial was insufficient to support his conviction, this Court has stated the following:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (internal citations and quotation marks omitted).

---

1.  18 Pa.C.S.A. § 3125(7).

2.  18 Pa.C.S.A. § 3126(a)(7).

3.  18 Pa.C.S.A. § 6301.

4.  The court imposed no further sentence for the charges of indecent assault and corruption of minors, noting that these merged with the aggravated indecent assault charge.

5.  Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued a statement in response.

¶ 4 The basis of Appellant's sufficiency of the evidence claim is that the alleged inconsistent testimony of the Victim evidenced a lack of penetration as required to support a charge of aggravated indecent assault. *See* Brief of Appellant at 9.

¶ 5 Aggravated indecent assault is defined in 18 Pa.C.S.A. § 3125, which provides, in pertinent part, as follows:

> Except as provided in section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault, a felony of the second degree, if:
>
> . . . .
>
> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3125(7). The Supreme Court has noted that digital penetration of the vagina is sufficient evidence to support a conviction for aggravated indecent assault. *Commonwealth v. Kelley,* 569 Pa. 179, 190–191, 801 A.2d 551, 557–558 (2002).

¶ 6 With the above principles in mind, the pertinent facts of this case are as follows: On the evening of May 31, 2001, Victim and her friend, K.S., were at the trailer home of their friend, N.S.[6] At approximately 12:00 a.m. (June 1, 2001), the three girls, together with Thomas G., who was at N.S.'s home, walked to the nearby trailer home of the twenty-five-year old Appellant. While there, Victim and her friends watched television and consumed alcoholic beverages. At one point, as Appellant and Victim were seated next to each other on a couch, Appellant put a blanket over his and Victim's lap and began kissing and fondling Victim. N.T. 2/3–4/03 at 31–32. When Victim was questioned as to what transpired after the blanket was placed on their laps, she responded:

> A [Victim]. [Appellant] put his one hand down my pants and started fingering me.
>
> Q [Assistant District Attorney Albert C. Ondrey]. He inserted his finger into your vagina?
>
> A. Yes.

*Id.* at 33.

¶ 7 The Commonwealth also presented the testimony of K.S., who stated that she saw the blanket situated below the waist of both Appellant and Victim. K.S. added that she observed Appellant's hands between Victim's knee and thigh area, and saw movement under the blanket. *Id.* at 79.

¶ 8 The testimony of Victim indicates that Appellant digitally penetrated Victim's vagina. We find that this was sufficient evidence for the jury, sitting as the fact-finder and examining the evidence in its totality, to conclude that Appellant was guilty of aggravated indecent assault. Although Appellant's version of the events differ from that of Victim, it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony. *Commonwealth v. Burns,* 765 A.2d 1144, 1150 (Pa.Super.2000). Herein, the court was free to accept the Commonwealth's version of the events and reject that of Appellant. This Court has held that the uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant, despite evidence from a defense

---

**6.** It is noted that all three girls were twelve years old at the time.

witness. *Commonwealth v. Davis*, 437 Pa.Super. 471, 650 A.2d 452, 455 (1994). Based on the record before us, we find that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Appellant's conviction for aggravated indecent assault.

¶ 9 Appellant also contends that the verdict rendered by the jury was against the weight of the evidence. We note that Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, as follows:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

¶ 10 In the present case, Appellant did not raise his weight of the evidence claim at any time before sentencing or in a post-sentence motion. As noted by the trial court in its response to Appellant's statement of matters complained of on appeal, this issue has been waived by failure of Appellant to file a post-sentence motion raising such claim.[7] Statement of Trial Court filed 4/24/03.

¶ 11 Based on the foregoing, we affirm the judgment of sentence.

¶ 12 Affirmed.

---

7. We note that by *per curiam* Order dated December 8, 2003, this Court stated that, due to the fact the certified record in this case was misplaced by this Court's Prothonotary, the case was remanded to the trial court to permit the parties and the trial court to reconstruct the record. At this juncture, a review of the reconstructed record does not evidence a challenge to the weight of the evidence by Appellant either prior to sentencing or in a post-sentence motion.