J-S74018-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARCADIO MANDEZ, | : | |
| | : | |
| Appellant | : | No. 165 EDA 2014 |

Appeal from the Judgment of Sentence October 22, 2010,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0014277-2009

BEFORE: BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED DECEMBER 23, 2014**

Arcadio Mandez ("Mandez") appeals from the judgment of sentence entered following his convictions of involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, endangering the welfare of children, corruption of minors, and indecent assault.[1] On appeal, Mandez challenges the weight and sufficiency of the evidence supporting his convictions. For the following reasons, we affirm.

Mandez's convictions arise out of the multiple instances of sexual assault he committed against eleven-year-old L.P. ("Victim"). In May of 2009, Victim's mother traveled to Puerto Rico for approximately one month. During that time, Victim and her brother J.P. stayed with their aunt, P.G. ("Aunt"). Mandez is Aunt's friend.

---

[1] 18 Pa.C.S.A. §§ 3123, 6318, 4304, 6301, 3126.

*Retired Senior Judge assigned to the Superior Court.

During the month that Victim was staying with Aunt, Mandez picked up Victim, J.P., and another brother[2] from school and took them to his house almost every day. On multiple occasions, Mandez would either leave the boys in the car or send them to the corner store while he took Victim into his house and assaulted her. Mandez assaulted Victim by penetrating her vaginally with his fingers and/or anally with his penis. These assaults took place in Mandez's bedroom. The anal penetration occurred at least five times and the digital penetration occurred between ten and twenty times. After assaulting her, Mandez instructed Victim not to tell anyone what had happened. He would then drive Victim and her brothers to Aunt's house. On other occasions, Mandez assaulted Victim at Aunt's house. Although there were other people present, Mandez would isolate Victim and rub between her legs, stopping only when another person came near. On one instance, Mandez "kissed" Victim's genitalia. These assaults stopped when Victim's mother returned from Puerto Rico and Victim returned to her home.

Although these assaults occurred in May and June 2009, Victim did not reveal them until September 2009, when she told her mother what happened. Her mother immediately called the police and as a result, Mandez was arrested. Following a two-day bench trial, he was convicted of

---

[2] This brother was staying with a different aunt while their mother was in Puerto Rico.

the above-listed offenses, determined to be a sexually violent predator, and sentenced to two, concurrent terms of ten to twenty years of incarceration.[3]

No direct appeal was filed. Mandez subsequently filed a *pro se* PCRA petition, and appointed counsel filed an amended petition. In the amended PCRA petition, Mandez alleged, *inter alia*, that his trial counsel ignored his request to file an appeal and sought the reinstatement of his direct appeal rights. The PCRA court granted his request and this timely appeal followed.

As noted above, Mandez presents only two issues for our review. He begins by claiming that the verdicts were against the weight of the evidence. Mandez's Brief at 12.[4]

> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was

---

[3] The trial court imposed terms of incarceration on the IDSI and unlawful contact with minors convictions.

[4] Mandez's appellate counsel states that this claim is waived because trial counsel failed to raise it in a post-sentence motion, but asks this Court to review the claim nonetheless. Mandez's Brief at 6 n.1. Appellate counsel is correct that it was not raised in a written motion; however, trial counsel preserved this claim by raising it in an oral motion made at the time of sentencing. **See** N.T., 10/22/10, at 4-5; Pa.R.Crim.P. 607.

not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in the original) (citations omitted).

Accordingly, we are mindful that as we review Mandez's claim, we are not passing on the underlying question of whether the verdicts were against the weight of the evidence, but rather we are considering whether the trial court abused its discretion in denying his motion based upon his claim that the verdict was against the weight of the evidence. We are focused, therefore, on evidence that the trial court's ruling is "manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Id.*

Mandez fails to appreciate our standard and scope of review. He frames his entire argument in terms of the trial court's determination that Victim's testimony was credible and does not present any argument as to how he believes the trial court abused its discretion in denying his post-trial motion. He only points to what he considers to be inconsistencies and incongruities in Victim's testimony and assails the trial court's credibility determinations and fact finding. Mandez's Brief at 13-15. Thus, his argument is directed to the underlying question of whether his convictions are against the weight of the evidence. As stated above, this is not the question before us for review. He does not allege how the judgment is "manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Clay*, 64 A.3d at 1055.

Mandez has not provided us with appropriate argument relative to our standard of review, and this Court will not develop an argument on his behalf. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). In addition, however, we note that our independent review of the record provides us with ample support for the conclusion that the trial court did not abuse its discretion in deciding that the verdicts in this case were not against the weight of the evidence. We therefore find no merit to Mandez's claim.

- 5 -

In his second issue, Mandez challenges the sufficiency of the evidence as to each of his convictions.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. When performing this review, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.

*Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013), reargument denied (Sept. 27, 2013) (citation omitted).

Mandez begins with his conviction for IDSI. This crime, as relevant to Mandez's conviction, is defined as "[e]ngag[ing] in deviate sexual intercourse with a complainant[] [] by forcible compulsion." 18 Pa.C.S.A. § 3123(a)(1). Deviate sexual intercourse is defined, in relevant part, as "[s]exual intercourse per os or per anus between human beings[,]" and forcible compulsion is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S.A. § 3101.

Presently, Mandez argues that his conviction cannot stand because the Commonwealth failed to present sufficient evidence that he penetrated Victim, or, alternatively, that he used "forcible compulsion" to do so. Mandez's Brief at 16. He is wrong. The evidence of record, when read in the light most favorable to the Commonwealth, establishes that Mandez took

Victim into his bedroom, undressed her, positioned her with her legs in the air and performed anal sex on her, all against her will and while ignoring her pleas that he stop. N.T., 6/8/10, 15-18, 55. This evidence, and the reasonable inferences therefrom, in the light most favorable to the Commonwealth, is sufficient to establish that Mandez used physical force to anally penetrate Victim.

Mandez next attacks his conviction of indecent assault. This crime is defined, in pertinent part, as follows:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and [] the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Mandez argues that there was insufficient evidence of indecent conduct between Mandez and Victim and further that "the Commonwealth failed to make any mention with regard to [his] 'purpose of arousing sexual desire' in either [Mandez] or [Victim]." Mandez's Brief at 17. We disagree. Victim testified that Mandez would rub her genitalia and digitally penetrated her vagina prior to having anal intercourse with her. N.T., 6/9/10, at 22-24.

It is reasonable to infer from this evidence that Mandez touched Victim's intimate parts as a means of arousing his sexual desire.

Finally, Mandez argues that his remaining three convictions (unlawful contact with a minor, endangering the welfare of children, and corruption of minors) cannot stand because "they all stem from the … alleged sexual abuse of [Victim]" but "the conduct cannot be proven beyond a reasonable doubt, and no corroborating evidence exists to support the allegations[.]" Mandez's Brief at 18. We disagree. As detailed above, the testimony of the Victim, which was deemed credible by the trial court, *see* N.T., 6/9/10, at 95, establishes that Mandez sexually abused Victim. There is no requirement of corroborating testimony, because "[t]he uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant[.]" *Commonwealth v. Filer*, 846 A.2d 139, 141 (Pa. Super. 2004). Mandez also argues that the evidence was insufficient to sustain the convictions of unlawful contact with minors and endangering the welfare of minors because "[d]uring trial there was no mention of [his] intent, motive, or knowledge with regard to his alleged conduct." Mandez's Brief at 18. This argument is woefully underdeveloped, as Mandez does not cite to or discuss any relevant authority in support of his position. For that reason, it is waived. *See Commonwealth v. Hunzer*, 868 A.2d 498, 516 (Pa. Super. 2005) (holding that an appellant waived a claim where he failed to cite any legal authority in support of an argument in his appellate brief);

***Commonwealth v. Ellis***, 700 A.2d 948, 957 (Pa. Super. 1997) (holding

waiver results if an appellant fails to properly develop an issue or cite to

legal authority to support his contention in his appellate brief); Pa.R.A.P.

2119(b).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014