J-S68030-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME JOHNSON, | : | |
| | : | |
| Appellant | : | No. 2919 EDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011983-2012

BEFORE:  BENDER, P.J.E., DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 13, 2015**

Jerome Johnson ("Johnson") appeals from the judgment of sentence entered following his convictions of aggravated indecent assault, simple assault, robbery and possessing instruments of crime.[1]  We affirm.

In the early morning of August 2, 2012, Tiona Hughes ("Hughes") and her boyfriend, Mason Ferris ("Ferris"), were at a private residence where Ferris was gambling.  Johnson, who had known Ferris for a couple of years, was also at the residence.  Ferris and Hughes left the residence on foot at approximately 4:00 a.m.  When Johnson approached in them in a vehicle, Ferris asked Johnson to give them a ride and Johnson agreed.  As they were driving, Johnson pulled over, pointed a gun at Ferris and demanded all of his money.  After Ferris complied, Johnson turned the gun on Hughes and made

---

[1] 18 Pa.C.S.A. §§ 3125(a), 2701, 3701, 907.

the same demand. While doing so, he stuck his hand inside of her bra and in her underwear, looking for hidden money. When his hand was inside of Hughes' underwear, Johnson put his finger into her vagina. Once Johnson was satisfied that he had all of the victims' money, he ordered Hughes and Ferris to exit the vehicle and drove away. Hughes and Ferris immediately called the police.

At the conclusion of a bench trial, Johnson was convicted of the four offenses listed. The trial court sentenced him to an aggregate term of 40 to 120 months of incarceration, to be followed by five years of probation. This appeal follows, in which Johnson presents the following three issues for our review:

> 1. Whether the verdict was contrary to law[.]
>
> 2. Whether the [trial] [c]ourt abused its discretion in denying [Johnson's] motion for mistrial based on prosecutorial misconduct[.]
>
> 3. Whether the [trial] court abused its discretion by admitting the 911 call[.]

Johnson's Brief at 8.

In his first issue, Johnson challenges the sufficiency of the evidence as to his aggravated indecent assault and robbery convictions. *See* Johnson's Brief at 14-18. In his Pa.R.A.P. 1925(b) statement of matters complained of on appeal ("Rule 1925(b) statement"), Johnson alleged that "the evidence was insufficient … as to the charges of aggravated assault and simple

assault. The evidence did not prove that [Johnson] did in fact touch the complainant and they [sic] were never mentioned to the police by the complainant." Statement of Matters Complained of on Appeal, 3/17/15, ¶ 4. Presently, Johnson argues that the evidence was insufficient to establish that he penetrated Hughes' vagina. Johnson's Brief at 14-15. These are distinct claims. It is axiomatic that failure to raise a claim in a Rule 1925(b) statement results in waiver of that issue on appeal. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Jackson**, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); **see also Commonwealth v. Santiago**, 980 A.2d 659, 666 n.6 (Pa. Super. 2009). ("[A] new and different theory of relief may not be successfully advanced for the first time on appeal."). Because Johnson did not in include the issue he now presents in his Rule 1925(b) statement, he has waived it.[2]

With regard to his robbery conviction, the only argument Johnson presents challenges the trial court's decision to accept Hughes' testimony as credible. Johnson's Brief at 16.[3] This argument is misplaced. A challenge

---

[2] Even if we were not to find this issue waived, it would afford Johnson no relief. Hughes testified at trial that Johnson unfastened her jeans, stuck his hand in her underwear and digitally penetrated her vagina. N.T., 11/20/13, at 19-21. This testimony is sufficient to support a finding that Johnson penetrated her vagina. **Commonwealth v. Filer**, 846 A.2d 139, 141 (Pa. Super. 2004) ("The uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant[.]").

[3] Johnson points out inconsistencies in Hughes' testimony and argues that because of these inconsistencies, "the trial court erred when it relied solely

to the credibility of witness testimony goes to the weight of the evidence rather than the sufficiency of the evidence. ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003) ("A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth. … Such a claim is more properly characterized as a weight of the evidence challenge."). Johnson has not presented an argument relevant to the issues he has raised, and so it cannot afford him relief.

Johnson's next issue challenges the trial court's denial of his motion for a mistrial based upon the following alleged prosecutorial misconduct. Prior to the start of trial, the parties were discussing a potential continuance and the possibility of Hughes returning on another date. The prosecutor stated, "I did speak to her. I spoke to her in the anteroom. Again, she got very upset. … She is terrified." Johnson's Brief at 20 (quoting N.T., 11/19/13, at 6).[4] Johnson argues that this statement provided grounds for a mistrial because it "manipulated the perception of the crux of the Commonwealth's evidence." ***Id.*** However, the record reveals that while Johnson objected to these statements by the prosecutor, he did not request a mistrial. ***See*** N.T., 11/19/13, at 6-7. The failure to request a mistrial at the time of the

on her testimony to find for [sic] all of the elements of robbery beyond a reasonable doubt." Johnson's Brief at 16.

[4] Johnson erroneously cites this statement as being made on November 20, 2013. Johnson's Brief at 20.

objectionable statements by a prosecutor results in waiver of that claim. *Commonwealth v. Brown*, 359 A.2d 393, 396 (Pa. 1976).

Johnson's final claim is waived for a similar reason. Johnson argues that the trial court erred in admitting into evidence a recording of the 911 call Hughes and Ferris made on the night in question. Johnson's Brief at 21. The record reveals that Johnson did not object when the Commonwealth sought to play the 911 tape. N.T., 11/20/13, at 24. "We have long held that failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal." *Commonwealth v. Tha,* 64 A.3d 704, 713 (Pa. Super. 2013). Accordingly, Johnson has waived this issue as well.[5]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

---

[5] We note that Johnson objected to the Commonwealth re-playing the 911 recording during its closing statement. N.T., 4/24/14, at 87. This belated objection does not cure Johnson's failure to object contemporaneously with the Commonwealth's attempt to use it during trial. *Commonwealth v. Foreman*, 797 A.2d 1005, 1016 (Pa. Super. 2002) ("In the absence of an appropriate objection **made when the evidence is proffered at trial**, the issue is not preserved for appeal[.]" ) (emphasis added). Notably, Johnson does not address whether he properly preserved this issue in his appellate brief.