J-S37044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DONELL WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1999 MDA 2016 |

Appeal from the Judgment of Sentence November 9, 2016
in the Court of Common Pleas of Franklin County,
Criminal Division, No(s): CP-28-CR-0000658-2016

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JUNE 29, 2017**

Donell Williams ("Williams") appeals from the judgment of sentence imposed following his conviction of one count each of conspiracy to deliver a controlled substance and criminal use of a communication facility.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** Trial Court Opinion, 2/6/17, at 2-8.

On appeal, Williams raises the following issue for our review:  "Should Williams'[s] conviction be overturned based on the fact that no reasonable jury could have found him guilty based on the evidence presented at trial?" Brief for Appellant at 5.

---

[1] **See** 18 Pa.C.S.A. §§ 903, 7512(a).

Although Williams's issue on appeal is worded somewhat vaguely, his argument challenges both the sufficiency and weight of the evidence.[2] With regard to the sufficiency of the evidence, Williams contends that the evidence presented at trial did not provide a reasonable basis for the jury to find him guilty of the above-mentioned crimes. *Id*. at 10. Williams asserts that the only evidence presented on the conspiracy charge was that Williams "was present at his home on the date in question except for a moment when he walked outside with his girlfriend and dog." *Id*. Williams claims that the only evidence presented on the criminal use of a communications facility charge was the testimony provided by a confidential informant, who claimed that he had spoken to Williams. *Id*.

In its Opinion, the trial court addressed Williams's challenge to the sufficiency of the evidence, set forth the relevant law, and determined that the evidence presented by the Commonwealth was sufficient to support each of Williams's convictions. *See* Trial Court Opinion, 2/6/17, at 9-15. We agree with the reasoning of the trial court, and affirm on the basis of its Opinion. *See id*.

With regard to the weight of the evidence, Williams argues that "[i]t was a gross oversight for the jury to have overlooked the fact that the

---

[2] In his court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal, Williams framed his issue as a challenge to the weight of the evidence, but his argument therein also raised a challenge to the sufficiency of the evidence. For this reason, the trial court addressed both Williams's sufficiency and weight claims in its Pa.R.A.P. 1925(a) Opinion.

informant, who was seeking to better his cause, had misidentified to the drug task force the actual person who made a hand[-]to[-]hand delivery to him." Brief for Appellant at 10. Williams further argues that "[f]or the jury to believe that an informant who could not even properly identify a person who [*sic*] he looked at in the eye during a direct hand[-]to[-]hand deal, could properly identify Williams based on a phone call, when the informant admitted that he had never spoken to the other Williams brothers, is incredulous." *Id*. at 10-11.

Pursuant to Pa.R.Crim.P. 607, a claim that the verdict was against the weight of the evidence must be raised with the trial judge in a motion for a new trial before sentencing or in a post-sentence motion. Here, Williams did not raise his weight of the evidence claim at any time before sentencing or in his post-sentence Motion. Accordingly, this issue has been waived. *See Commonwealth v. Filer*, 846 A.2d 139, 142 (Pa. Super. 2004).[3]

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017

---

[3] Even if Williams had preserved this issue for our review, we would have concluded that the issue lacks merit for the reasons expressed by the trial court in its Opinion. *See* Trial Court Opinion, 2/6/17, at 15-17.

- 3 -