J-S35012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRENDA SUE FOCHTMAN | |
| Appellant | No. 1459 WDA 2016 |

Appeal from the Judgment of Sentence August 26, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000600-2014

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JULY 7, 2017**

Brenda Fochtman appeals from the judgement of sentence, entered in the Court of Common Pleas of Bedford County, after a jury convicted her of indecent assault. 18 Pa.C.S.A. § 3126(a)(7). After careful review, we affirm.

We summarize the history of the case as follows. In October 2013, Fochtman visited her biological daughter, A.M., at her mother's house. Fochtman regularly attended supervised visits with A.M. from 1:00 p.m. to 6:00 p.m. on Saturdays. At the time of Fochtman's October visit, A.M. was nine years old. In January 2014, A.M. told her father and stepmother that during one of Fochtman's October visits, Fochtman and A.M. were in the

_____

[*] Former Justice specially assigned to the Superior Court.

bathroom together. While in the bathroom, Fochtman pulled down A.M.'s pants and touched A.M.'s "private area" with her finger. N.T. Trial, 5/5/16, at 26. After touching A.M., Fochtman instructed her "not to tell anyone." N.T. Trial, 5/5/16, at 29. Fochtman and A.M. then went back to the living room where A.M.'s siblings and biological grandmother were present. A.M. did not discuss this matter with anyone until she told her father and stepmother in January 2014. At the time of the incident, A.M. was not experiencing any pain, medical issues or hygiene issues.

On August 26, 2016, following a jury trial, the trial court sentenced Fochtman to nine months' to five years' imprisonment. Fochtman timely appealed, and on September 29, 2016, she filed a timely court-ordered Pa.R.A.P 1925(b) concise statement of matters complained of on appeal. On appeal, Fochtman raises the following issue for our review: "Whether the evidence was insufficient to support the defendant's conviction for indecent assault." Brief of Appellant, at 6. Specifically, Fochtman avers that the Commonwealth did not prove the sexual gratification element of indecent assault.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder

unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Filer*, 846 A.2d 139, 140 (Pa. Super. 2004).

Indecent assault is defined, in relevant part, as follows:

### § 3126. Indecent assault

(a)  Offense defined. – A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purposes of arousing sexual desire in the person or the complainant and:

\* \* \* \* \*

(7)  The complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "[I]f a sexual or intimate part of a victim's body is brought into contact with *any* part of the defendant's body . . . for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact. *Commonwealth v. Grayson*, 549 A.2d 593, 596 (Pa. Super 1988) (emphasis added).

In October 2013, A.M. was nine-years-old. On the day of the incident, A.M. was at her grandmother's home with her two siblings; Fochtman was present for a scheduled supervised visit. A.M. entered her grandmother's

bathroom to dispose of trash, after which Fochtman entered the bathroom and shut the door behind them.  Fochtman proceeded to pull down A.M.'s pants exposing her skin and genitals.  Fochtman then touched A.M.'s "private area" with her finger.  N.T. Trial, 5/5/16, at 26.  At trial, A.M. indicated in the affirmative that she meant the phrase "private area" to mean her genitals, and that Fochtman initiated skin-to-skin contact with the area.  N.T. Trial, 5/5/16, at 33.  A.M. was not suffering from pain, medical issues or hygiene issues when Fochtman touched her genitals.  After initiating skin-to-skin contact with A.M.'s genitals, Fochtman instructed A.M. not to tell anyone about the incident.  A.M. then opened the bathroom door and ran into the living room where her two siblings and grandmother were. A.M.'s recollection of the October 2013 incident at trial is consistent with information she provided during an interview with a Child Interview Specialist on February 6, 2014.  During the February 6, 2014 interview, A.M. further clarified where she recalled Fochtman touching her by indicating the vaginal area on anatomical drawings.

The record indicates an absence of a medical or hygienic reason for the touching of A.M.'s genitals, that A.M. was nine-years-old at the time, that Fochtman instructed A.M. not to tell anyone about the incident, and that Fochtman deliberately isolated herself with A.M. in the bathroom.  *See Commonwealth v. Smith*, 459 A.2d 777 (Pa. Super. 1983) (while it is clear criminal conviction may not be based upon mere surmise or conjecture,

Commonwealth's burden in proving criminal offense or elements thereof may be sustained by means of wholly circumstantial evidence); ***Grayson***, ***supra***.

Fochtman does not dispute these facts, and thus, it was reasonable for the jury to conclude that Fochtman's touching of A.M. was for arousing sexual desire in Fochtman or A.M. Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, the evidence was sufficient to prove each element of indecent assault beyond a reasonable doubt. ***Filer, supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017