J-S81010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL VELASQUEZ, JR. | : | |
| | : | No. 299 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence January 17, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005327-2014

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                          **FILED APRIL 30, 2018**

Joel Velasquez, Jr. appeals from the judgment of sentence entered after a jury found him guilty of various crimes arising from the sexual abuse of four young girls between the ages of 13 and 15. He challenges the sufficiency of the evidence supporting his convictions, the trial court's ruling that he could not present evidence that he was beaten by the victims' families, and the discretionary aspects of the sentence he received. We affirm.

Velasquez first argues the evidence presented at trial was insufficient to sustain his convictions. Specifically, he argues:

> In the instant case, the complainants did not present credible testimony of sexual assault. [Complainant #1] had difficulty remembering what time certain events happened. She told

_____

* Retired Senior Judge assigned to the Superior Court.

different stories on cross-examination about who was present in the room and what sexual acts the Appellant performed on her. [Complainant #1] said that she told her sister, but her sister [Complainant #2] said that she never told her at all. She also incredibly testifies that she brought both her sister and her friend up to the Appellant after she was sexually assaulted and watched them be assaulted by the Appellant as well. Her direct testimony also varied from what she told the doctor who examined her.

There was no physical evidence to corroborate any of the complainants['] stories – no DNA, no blood samples, and no semen were recovered from the room where multiple acts were alleged to have occurred. Based on the incredible and inconsistent accounts, the Appellant respectfully requests that the convictions are reversed.

Appellant's Brief, at 13 (citations to record omitted).

"[T]he uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant, despite evidence from a defense witness." *Commonwealth v. Filer*, 846 A.2d 139, 141-142 (Pa. Super. 2004). Thus, these claims are directed entirely to the credibility of the victims' testimony, and therefore challenge the weight, not sufficiency, of the evidence. *See Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011).

Furthermore, a challenge to the weight of the evidence must, in the first instance, be presented to the trial court. *See Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009). As Velasquez did not raise a challenge to the weight of the evidence in the trial court, any such claim is waived for purposes of this appeal. *See Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011). Thus, Velasquez's first issue on appeal merits no relief.

Next, Velasquez argues the trial court erred in refusing to allow him to present evidence that he had been beaten by people he believed to be the victims' families after the victims revealed their allegations of abuse. Specifically, he desired to present photos taken after the alleged assault, as well as the testimony of the police officer who received his complaint. He contends that this evidence was relevant to the credibility of the Commonwealth's witnesses, as it was evidence of a motive to not recant their initial allegations for fear of placing their relatives in danger of being prosecuted for the beating.

We review a trial court's decision to exclude evidence for an abuse of discretion. **See Commonwealth v. Wyatt**, 688 A.2d 710, 714 (Pa. Super. 1997). We will not reverse the decision of the trial court absent an abuse of its discretion. **See id**. Finally, an error in an evidentiary ruling must have been prejudicial to the appellant in order to justify reversal. **See id**.

The trial court excluded the proffered evidence, noting that Velasquez had never identified the perpetrators. **See** N.T., Jury Trial, 8/8-11/2016, at 498-499. The police report from Velasquez's complaint does not identify the perpetrators. **See id**., at 499. And Velasquez conceded that he didn't know who they were. **See id**. He merely argued that it could be inferred that family members of the victims had perpetrated the assault since it occurred on the same day the victims went public with their allegations against him. **See id**.

On this record, the court found the evidence to be irrelevant. ***See id***., at 500, 502. "There is not a shred of evidence in the record to establish who those people might be or connect them in any way to the witnesses that we have heard." ***Id***., at 501.

"Evidence that is not relevant is not admissible." Pa.R.E. Rule 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any *fact* that is of consequence to the determination of the action more probable or less probable." Pa.R.E. Rule 401.

We agree with the trial court. In the absence of any evidence capable of linking the alleged assault to the victim's families, other than mere proximity in time, the photographs and testimony of the responding officer had no relevance to any issue at trial. The trial court did not abuse its discretion in excluding this evidence.

In his final issue, Velasquez argues the court abused its discretion in imposing sentence. He concedes this is a challenge to the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). As such, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.

Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation and brackets omitted).

Velasquez argues "the court imposed a series of consecutive sentences which resulted in a thirty-six and a half to eighty-five year sentence. The court ha[s] essentially given [Velasquez] a life sentence without properly weighing all the sentencing factors." Appellant's Brief, at 10. He does not even identify what sentencing factors he believes the court did not weigh properly.

Of even more import, however, is the fact that Velasquez did not file a post-sentence motion, instead choosing to file the instant appeal. Nor did he explicitly raise this issue at his sentencing hearing. **See** N.T., Sentencing, 1/17/17, at 14-17. As such, Velasquez failed to preserve his challenge to the discretionary aspects of his sentence. It is therefore waived.

As none of Velasquez's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2018

- 5 -