J-S11031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN BAILEY, | : | |
| | : | |
| Appellant | : | No. 747 EDA 2015 |

Appeal from the Judgment of Sentence February 13, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0001373-2013

BEFORE: FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 08, 2016**

Steven Bailey ("Bailey") appeals from the judgment of sentence imposed following his convictions of unlawful contact with a minor, aggravated indecent assault of a child, endangering the welfare of children, and indecent assault.[1]  We affirm.

The trial court stated the relevant factual and procedural history in its Opinion, which we adopt for the purpose of this appeal.  *See* Trial Court Opinion, 6/1/15, at 1-5.

On appeal, Bailey raises the following question for our review: "Was the evidence insufficient to convict [] Bailey of unlawful contact with [a] minor [], aggravated indecent assault of [a] child [], endangering [the] welfare of children [], and indecent assault [of a] person less than 13 years of age []?"  Brief for Appellant at 3 (some capitalization omitted).

_____
[1] 18 Pa.C.S.A. §§ 6318(a)(1); 3125(b); 4304(a)(1); 3126(a)(7).

Bailey argues that the testimony of the victim was insufficient evidence to support his convictions. *Id.* at 10. Bailey contends that the victim's testimony was vague, as she could not provide any date with reasonable certainty on which a crime occurred. *Id.* at 10, 11; *see also id.* at 10 (arguing that the only discernible date testified to was September 16, 2012, when the victim and I.J. were arguing about changes in victim's behavior). Bailey questions the ability of the victim to recall and comprehend the events at issue after the passage of several years. *Id.* at 11. Bailey also claims that the victim may have been unduly influenced during the course of the investigation. *Id.*

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Here, the victim testified that when she was twelve years old and living at 2603 North Sartain Street with her grandmother, mother, two sisters, brother, aunts, and uncles, Bailey touched her inappropriately. N.T, 6/30/14, at 23-24. She testified that on more than one occasion, Bailey pulled up her shirt, touched her breasts, and said "come on," indicating that he wanted to have sex. *Id.* at 25-26. The victim testified that one night, while asleep on the couch, she woke up to find Bailey pulling his pants down and getting on top of her. *Id.* She also stated that Bailey touched her inside of her vagina on a separate occasion. *Id.* at 27. The victim testified that she was scared when Bailey told her "don't tell anybody." *Id.* at 28.

The victim testified that after moving to Martha Street with Bailey, her sister, brother, mother, Bailey sat down at the kitchen table next to her, pulled out his penis, and attempted to coerce her into sucking it. *Id.* at 28-29. She testified that he then put her head down, pressing her lips against his penis and told her "come on." *Id.* at 30. The victim testified about another night where Bailey pulled out his penis, pulled down her pants, and then inserted his penis into her vagina. *Id.* at 32-25. She explained that she was only twelve years old at that time and that "it hurt." *Id.* at 35. The victim further testified that, one occasion, she was in the shower and Bailey tried to get in with her, but she pushed him out. *Id.* The victim additionally

stated that she left that home when she was thirteen or fourteen; however, Bailey continued to touch her inappropriately. *Id.* at 39.

In its Opinion, the trial court set forth the relevant law, addressed Bailey's claims in light of the victim's testimony, and correctly determined that they are without merit. *See* Trial Court Opinion, 6/1/15, at 6-9; *see also id.* at 2-5 (wherein the trial court details the evidence presented at trial). Our review further discloses that the evidence is sufficient to sustain Bailey's convictions of the above-mentioned crimes. *See Melvin*, 123 A.3d at 40. Thus, we adopt the sound reasoning of the trial court for the purpose of this appeal. *See* Trial Court Opinion, 6/1/15, at 6-9.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016



**FILED**

JUN 0 1 2015

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR0001373-2013 |
| | : | |
| v. | : | |
| | : | |
| STEVEN BAILEY | : | 747 EDA 2015 |

OPINION

LANE, J.                                                                                                June 01, 2015

### OVERVIEW AND PROCEDURAL HISTORY

On July 2, 2014, the jury found Steven Bailey ("Defendant") guilty of Unlawful Contact with a Minor under 18 Pa.C.S. § 6318(a)(1), Aggravated Indecent Assault of a Child under 18 Pa.C.S. § 3125(b), Endangering the Welfare of a Child under 18 Pa.C.S. § 4304(a)(1), and Indecent Assault of a Child under 18 Pa.C.S. § 3126(a)(7). Sentence was deferred until October 24, 2014, for a Pre-Sentence Investigation Report and Sexual Offender Evaluation. On October 24th, sentencing was further deferred to December 19, 2014, because new defense council entered his appearance. On December 19th, sentencing was again deferred to January 26, 2015, for the transcription of the notes of testimony. It was further deferred to February 9, 2015, at the advanced request of council. On February 9th, the Assistant District Attorney was on a separate jury trial and the sentencing was continued to February 13, 2015.

On February 13, 2015, Defendant was sentenced to five (5) to ten (10) years at State Correctional facility for the charge of Unlawful Contact with Minor, followed by a concurrent confinement sentence of ten (10) to twenty (20) years for the charge of Aggravated Indecent

1

Assault of a Child, which ran concurrent to a confinement of three (3) years and six (6) months to seven (7) years of incarceration for the charge of Indecent Assault of a Child. Defendant was sentenced to a maximum period of consecutive five (5) years probation for the charge of Endangering Welfare of a Child.

On March 11, 2015, Defendant filed a pro se Notice of Appeal. Trial court appointed Douglas Earl as defense counsel and he entered his appearance on March 19, 2015. A 1925(b) Order was sent to defense attorney on March 20, 2015. On April 20, 2015, trial court granted defense counsel's Motion to Extend the 1925(b) Statement Complained on Appeal due to Notes of Testimony lack of transcription.

A Statement of Matters Complained on Appeal was filed on May 14, 2015. The following issue is raised on appeal: The evidence was insufficient to convict Steven Bailey of Unlawful Contact with Minor under 18 Pa.C.S. § 6318 (a)(1), Aggravated Indecent Assault of Child under 18 Pa.C.S. § 3125(b), Endangering Welfare of Children under 18 Pa.C.S. § 4304(a)(1), and Indecent Assault of Person Less than 13 Years of Age under 18 Pa.C.S. § 3126(a)(7).

## FACTS

R.B.

████████ ("Complainant") testified that she was touched by Defendant, her uncle, at the age of twelve, when she lived at 2603 North Sartain Street with her grandfather, mother, two sisters, brother, aunts, and uncles. (N.T. 6/30/14 p.23-24). She recalled that the first time Defendant touched her they were playing cards. (*Id.* at 25:5-6). He pulled up her shirt, touched her breasts, and said "come on", indicating that he wanted to have sex. (*Id.* at 25:14-26:1-4). Complainant testified that this happened more than once. (*Id.* at 26:5-7). She testified that one night while asleep on the couch, she woke up to see the Defendant pull his pants down and get

2

on top of her. (*Id.* at 26:12-23). She testified to another night where they were playing cards and Defendant touched her inside of her vagina. (*Id.* at 27:5-22). Defendant told her "don't tell anybody" and that made her afraid. (*Id.* at 28:12-15).

Complainant testified that she later moved to Martha Street in Kensington when she was twelve with her sister, brother, mom, and the Defendant. (*Id.* 28:22-29:9). One day when Complainant was in the kitchen getting ready for school, Defendant sat down at the table next to her, pulled his penis out, and tried to make her suck it. (*Id.* 29:16-24). She testified that he tried to put her head down, pressing her lips against his penis and told her to "come on." (*Id.* at 30:3-13). She testified to another night on Martha Street where Defendant called her into his room, pulled out his penis, pulled down her pants, and then inserted his penis into her vagina. (*Id.* at 32-35). Complainant testified that she was only twelve at that time and "it hurt." (*Id.* at 35:10-13). During another episode, she was in the shower and he came in and tried to get in with her but she pushed him out. (*Id.* at 35:14-24).

Complainant testified that she eventually left that home and moved to Darby when she was thirteen or fourteen with her mom, sisters, and the Defendant. (*Id.* at 39:2-9). She testified that Defendant also touched her inappropriately while they lived there. (*Id.* at 39:14-17).

She later moved to Upper Darby with her aunt, ███████, to avoid Defendant. (*Id.* at 40:12-21). ███████ testified that Complainant lived with her because Complainant's mother was diagnosed with Mental Retardation and the court decided she was unfit to care for any children. (*Id.* at 7:2-25). During Complainant's stay with ███████, there were rules to follow and she had to attend school. (*Id.* at 8:8-10; 41:11-12). On the contrary, Complainant did not follow rules nor attend school when she stayed with her mother. (*Id.* at 7:12-16). ███████ testified that although Complainant was doing well after she moved in with her, there

3

was "something going on with her that you could not place your finger on, but she hid it." (*Id.* at 8:5-7). Both Complainant and I.J. ▬▬▬▬ testified that their relationship was great, but Complainant started to have issues with school around the age of sixteen. (*Id.* at 7:19-8:25; 40:24-41:25). On September 16, 2012, Complainant and I.J. ▬▬▬▬ were arguing about changes in Complainant's behavior. (*Id.* at 9:5-13). I.J. ▬▬▬▬ testified that Complainant started crying, shaking, and eventually explaining that Defendant had been inappropriately touching her for all those years. (*Id.* at 9-11). Thereafter, I.J. ▬▬▬▬ called the police and they went to Special Victims' Unit (SVU) to be interviewed. (*Id.* 12-13). Complainant testified that she felt relieved after telling the detectives what happened, but after leaving SVU she felt scared that Defendant would hurt her because she told. (*Id.* at. 44:9-45:9).

Commonwealth next called Joseph Kelly, the investigating officer, to testify. Officer Kelly testified that he was on duty on September 16, 2012, when he and his partner received a radio call for this case. (*Id.* At 90:16-91:8). He indicated that he first spoke with I.J. ▬▬▬▬ who told him that Complainant, her niece, had been sexually abused by her uncle. (*Id.* at 91:15-22). He interviewed Complainant and she eventually told him that she had been sexually abused by her uncle for three years. (*Id.* at 92:5-10). Officer Kelley testified that the Complainant was upset and withdrawn. (*Id.* at 92:13-16). He filled out a 75-48, following the interview and escorted Complainant and I.J. ▬▬▬▬ to the Special Victims Unit. (*Id.* at 93:2-10; 96:10-12).

Detective McGoldrick testified next. He testified that he had worked in the Special Victims Unit for 18 years and handled approximately 110 to 120 cases a year. (*Id.* At 98:15-17; 99:6-11). He was the assigned detective for Complainant's case. (*Id.* at 100:5-7). He took a signed statement from Complainant on September 16, 2012, from approximately 11:15PM to

4

12:25AM. (*Id.* at 102:3-5). Detective McGoldrick testified that Complainant was visibly upset and broke down crying while giving her statement. (*Id.* at 111:18-24; 112:7-11).

Barbara Bartley was then called to testify. She testified that she has been a social worker for seventeen years with the Department of Human Services. (*Id.* at 113:14-16). She testified that she received the Complainant's report from the SVU on September 17, 2012. (*Id.* at 114:4-9). During the interview, Complainant told Ms. Bartley that the Defendant fondled her vagina, breasts, and penetrated her. (*Id.* at 115:15-17). Ms. Bartley testified that Complainant appeared fearful, upset, and was reluctant to disclose the information. (*Id.* at 18-25). Complainant was fearful that she would be removed from her aunt's house. (*Id.* at 118:3-6). Yet, she eventually told Ms. Bartley that she had been vaginally penetrated between ages twelve to fourteen. (*Id.* at 118:5-11). Ms. Bartley referred Complainant to receive counseling at JJPI since they provide services for sexual assault counseling and individual counseling for children that have been sexually abused. (*Id.* at 116:12-23).

Defendant testified that he lived on Sartain Street with Complainant for two or three years. (*Id.* at 124:2-7). He then moved to Martha Street with Complainant in order to provide protection to his sister, Complainant's mother. (*Id.* at 123:13-18). Yet, he testified that he worked until 4 A.M. "so it was really no point" in protecting her. (*Id.*) Defendant testified that he lived on W Columbia Street in 2008. (*Id.* at 122:2-5). He claimed to have worked in 2008 as a hoagie maker, working five to six days a week. (*Id.* at 122:21-123:5). However, there is no record of employment. (*Id.* at 126:11-14). Defendant denied touching Complainant inappropriately, forcibly penetrating Complainant, and having any sexual contact with Complainant. (*Id.* at 123:6-13). Moreover, he alleged that Complainant "had problems", "would get sassy", "be with a lot of guys", and would "sneak off to go to dollar parties." (*Id.* at 124:8-16).

5

## DISCUSSION

**A) There is sufficient evidence to find Defendant guilty of Unlawful Contact with Minor under 18 Pa.C.S. § 6318 (a)(1), Aggravated Indecent Assault of Child under 18 Pa.C.S. § 3125(b), Endangering Welfare of Children under 18 Pa.C.S. § 4304(a)(1), and Indecent Assault of Person Less than 13 Years of Age under 18 Pa.C.S. § 3126(a)(7).**

A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. Com. v. Snyder, 2005 PA Super 83, 870 A.2d 336 (2005). The Courts use the following standard to determine the sufficiency of evidence admitted at trial:

> The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the [fact-finder] could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

Com. v. Cassidy, 447 Pa. Super. 192, 194-95, 668 A.2d 1143, 1144 (1995) *citing to* Com. v. Sullivan, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977); Com. v. Farquharson, 467 Pa. 50, 354 A.2d 545 (1976); Com. v. Cox, 466 Pa. 582, 353 A.2d 844 (1976). The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the [factfinder] unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." Com. v. Sullivan, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), *quoting* Com. v. Libonati, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943). However, even though reasonable inferences must be drawn in the Commonwealth's favor, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the factfinder of the accused's guilt beyond a reasonable doubt. Com. v. Scott, 409 Pa.Super. 313, 315, 597 A.2d 1220, 1221 (1991). The trier of fact

6

cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fall even under the limited scrutiny of appellate review." *Id.* at 315. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. <u>Com. v. Forbes</u>, 867 A.2d 1268, 1273–74 (Pa.Super.2005).

The evidence established at trial proved beyond a reasonable doubt that Defendant sexually molested and penetrated the complainant while she was under the age of 13. The testimony of the victim was sufficient evidence for the jury, sitting as the fact-finder and examining the evidence in its totality, to conclude that Appellant was guilty of aggravated indecent assault. <u>Com. v. Filer</u>, 2004 PA Super 70, 8, 846 A.2d 139, 141 (2004). Although Appellant's version of the events differ from that of Victim, it is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony. <u>Com. v. Burns</u>, 765 A.2d 1144, 1150 (Pa.Super.2000). The Superior Court of Pennsylvania has held that the uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant, despite evidence from a defense witness. <u>Com. v. Davis</u>, 437 Pa.Super. 471, 650 A.2d 452, 455 (1994).

Section 8318(a)(1) provides that, "A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth." Under this subsection, any of the offenses enumerated in Chapter 31 (relating to sexual offenses) are a provided activity. The evidence at trial sufficiently established that the Defendant purposefully inappropriately and sexually touched his niece multiple times while within the Commonwealth of Pennsylvania. The jury as fact-finders was free to believe all of the

7

victim's testimony. It is clear from their verdict that they did not believe the Defendant, and attributed significant weight to the Complainant's testimony about the instances with Defendant.

Similarly, in regard to the Defendant's conviction of Indecent Assault Person Less than 13 Years of Age, the jury justifiably relied on the testimony of the victim. A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if the complainant is less than 13 years of age. 18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101. Com. v. Evans, 2006 PA Super 132, 6, 901 A.2d 528, 533 (2006). The testimony of the Complainant sufficiently proved that she was indecently contacted by the Defendant at the age of twelve, through her own testimony as well as Ms. Bartley's who recalled that Complainant disclosed that had been vaginally penetrated between ages twelve to fourteen. (N.T. 06/30/14 at 118:5-11).

A person is guilty of Endangering Welfare of Children if, "a parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support. 18 § 4304 §A1. The Defendant testified that he moved to Martha Street with Complainant in order to provide protection to his sister, Complainant's mother. (*Id.* at 125:13-18). Ultimately, Defendant admitted that he failed to provide protection and Complainant illustrated how he used his proximately to her to eventually molest her, usually while playing cards in his room late at night. (*Id.* at p. 32-35).

Lastly, under 18 Pa.C.S.A. § 3125, "a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other

than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault and the complainant is less than 13 years of age" is guilty of Aggravated Indecent Assault. The Supreme Court has noted that digital penetration of the vagina is sufficient evidence to support a conviction for aggravated indecent assault. Com. v. Kelley, 569 Pa. 179, 190-191, 801 A.2d 551, 557-558 (2002). Complainant clearly stated that she was under thirteen years old when the Defendant touched her. She testified that, "on Martha Street Defendant called her into his room, pulled his penis out, pulled down her pants down, and inserted his penis into her vagina. (N.T. 6/30/2014 at p. 32-35). Complainant testified that she was only twelve at that time and "it hurt." (*Id.*). While the Defendant denied ever inappropriately touching the Complainant, since all reasonable inferences must be afforded to the Commonwealth as verdict winner, it is not sufficient to overcome the guilty verdict returned by the jury.

## CONCLUSION

The Commonwealth's evidence at trial, together with all reasonable inferences to be drawn therefrom, established all elements of the following offenses beyond a reasonable doubt: Unlawful Contact with Minor under 18 Pa.C.S. § 6318 (a)(1), Aggravated Indecent Assault of Child under 18 Pa.C.S. § 3125(b), Endangering Welfare of Children under 18 Pa.C.S. § 4304(a)(1), and Indecent Assault of Person Less than 13 Years of Age under 18 Pa.C.S. § 3126(a)(7). Accordingly, the court's judgment of sentence should be affirmed.

**BY THE COURT:**

**J.**

9